IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWARD LEE CLEMMONS,**

       **Petitioner,**

  v.            CASE NO. 90-3035-SAC

**STEVEN J. DAVIES, et al.,**

       **Respondents.**

**O R D E R**

Petitioner filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The Honorable Judge Dale Saffels denied the petition in a memorandum opinion dated February 25, 1992. The Tenth Circuit Court of Appeals dismissed petitioner's appeal for lack of prosecution.

More than ten years later petitioner filed a motion for reconsideration, which the undersigned judge denied on September 29, 2004. On November 6, 2006, the Tenth Circuit Court of Appeals vacated that order and construed petitioner's motion as an attempt to file a second or successive § 2254 petition. It denied petitioner authorization to file a second or successive petition, and dismissed the appeal.

Before the court is petitioner's motion for relief from

judgment, Fed.R.Civ.P. 60(b), filed on May 17, 2007. Petitioner alleges error by the district court in failing to appoint counsel and conduct an evidentiary hearing to resolve disputed facts, and in failing to adequately or properly consider petitioner's grounds for habeas corpus relief.[1]

Pursuant to Rule 60(b), a party can seek relief from a final judgment and request the reopening of a case under limited circumstances which include fraud, mistake, newly discovered evidence, or any other reason justifying relief. Fed.R.Civ.P. 60(b)(1)-(6). A Rule 60(b) motion, however, "cannot be used to circumvent [the statutory] restraints on successive habeas petition." Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998). Accordingly, the court must first examine whether petitioner's motion is a "true" motion properly brought under Rule 60(b), or whether it is a habeas corpus application that must be considered a second or successive petition for a writ of habeas corpus. *See* Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006).

The Supreme Court directs that a 60(b) motion is a second or successive habeas corpus application if it seeks to advance substantive claims for relief that were denied on the merits in a previous application, or if it asserts substantive federal grounds

---

[1] Petitioner also contends his first appeal in this matter would not have been dismissed for lack of prosecution but for the alleged unconstitutional seizure of his legal documents at that time. To the extent petitioner seeks relief under Rule 60(b) from the circuit court's dismissal of petitioner's first appeal, this court has no authority to grant such relief.

for setting aside the petitioner's conviction. Gonzales v. Crosby, 545 U.S. 524 (2005). However, "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." Id. at 538.

In the present case, petitioner appears to allege both procedural and substantive error in the federal court's 1991 dismissal of petitioner's habeas application. To the extent petitioner claims the district court failed to address issues, failed to properly determine whether counsel should have been appointed, and failed to determine whether an evidentiary hearing was required to provide a full and fair resolution of factual disputes, these allegations fall within the scope of a "true" Rule 60(b) motion. These are allegations of "defect in the integrity of the federal habeas proceedings" rather than "the substance of the federal court's resolution of a claim on the merits," and should not be converted into a second or successive habeas application *See* id. at 532. *See also* Spitznas, 464 F.3d at 1224-25 (claim that district court failed to consider a ground raised in the habeas petition represents a "true" 60(b) claim).

Nonetheless, the court finds no relief under Rule 60(b) is warranted because plaintiff did not raise these allegations and claims within a reasonable time, Fed.R.Civ.P. 60(b)(6), and because plaintiff demonstrates no extraordinary circumstances justifying relief. *See* id. at 535 (citing time limitations on

60(b) motions, and requirement that a showing of "extraordinary circumstances" is required to justify reopening a final judgment).

Petitioner further alleges the district court judge mischaracterized the record and failed to properly decide the merits of petitioner's claims. These allegations clearly invite further review of substantive habeas claims already decided on the merits, and thus are treated as a second or successive habeas application requiring authorization by the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). Absent such authorization, this court has no jurisdiction to consider such claims. Spitznas, 464 F.3d at 1216-17.

IT IS THEREFORE ORDERED that to the extent petitioner seeks relief appropriate under Fed.R.Civ.P. Rule 60(b), the court denies the motion.

IT IS FURTHER ORDERED that the remaining allegations in petitioner's motion are transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED.**

DATED: This 4th day of January 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge