IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWARD LEE CLEMMONS,**

                Petitioner,

     v.                           CASE NO. 90-3035-SAC

**STEVEN J. DAVIES,**

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. §2254. Petitioner was convicted in 1984 of one count of first degree murder, two counts of aggravated robbery, and one count of unlawfully possessing a firearm. On February 25, 1992, the Honorable Dale E. Saffels of this court denied relief. *Clemmons v. Davies*, 1992 WL 50579 (D. Kan. Feb. 25, 1992). On August 24, 1992, the U.S. Court of Appeals for the Tenth Circuit dismissed petitioner's appeal for lack of prosecution (Doc. #23).

Petitioner has filed repeated motions for post-conviction relief: a motion for rehearing in January 2003 (Doc. #25), a motion for relief from order and judgment in May 2007 (Doc. #38), and a motion for relief from judgment in March 2015 (Doc. #54). These filings have been treated as successive applications for habeas corpus.

On March 24, 2017, he again filed a motion for relief from judgment (Doc. #56) and a notice of filing (Doc. #57). On April 3, 2017, he filed a supplement to the motion (Doc. #58).

**Discussion**

A post-judgment motion filed in a habeas corpus action should be treated as a second or successive application under Section 2254

if it asserts or reasserts claims of error in the petitioner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). Such a motion requires prior authorization from the appropriate federal appeals court to proceed. *See* 28 U.S.C. § 2244(b).

In contrast, a post-judgment motion that attacks "not the substance of the federal court' resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings", *Gonzalez*, 545 U.S. at 532, does not require prior authorization under Section 2244(b).

The court finds this pleading is a hybrid, containing both claims that must be construed as a successive application for habeas corpus relief and claims that may be raised in a post-judgment motion.

First, petitioner's motion alleges "a case of interstate fraud upon the state courts of Missouri and Kansas, and the federal district courts of the Western District of Missouri (Kansas City), and, the District of Kansas" (Doc. #56, p. 1); he also claims there was obstruction of justice by two individuals[1] and error by his appellate counsel (*id.*, p. 2), and that the 2003 destruction of trial exhibits foreclosed his ability to have those items independently tested (*id.*, p. 11).

These allegations all appear to present claims that allege error in petitioner's conviction rather than in the prior habeas corpus proceeding, and the court finds petitioner must seek prior authorization to pursue relief on these grounds.

Petitioner also broadly alleges that the habeas corpus action

---

[1] The pleading identifies these individuals as Mary Cheyney, who identified plaintiff as her assailant in a police line-up and Charlotte Johnson, who gave police consent to search the residence occupied by petitioner.

was decided on an incomplete state record, citing the lack of records of his initial arrest and of extradition proceedings conducted in the State of Missouri (*id.*, p. 3.). Finally, he alleges he has discovered new material facts concerning the police line-up in which he was identified. The court finds these claims challenge the integrity of the habeas corpus review conducted in this case and are properly presented in motion for relief from judgment.

Under Rule 60(b) of the Federal Rules of Civil Procedure, the court may grant relief from a final judgment for reasons including newly discovered evidence, fraud, or "any other reason that justifies relief". However, a motion under Rule 60(b)(2), alleging newly-discovered evidence, or Rule 60(b)(3) alleging fraud or misconduct, must be made no more than a year after the entry of judgment. *See* Rule 60(c)(1)(a motion under Rule 60(b) must be made within a reasonable time, but motions based upon certain grounds must be made within a year after the entry of the judgment). Petitioner's motion for relief from judgment was filed more than twenty years after the denial of his petition and must be denied.

In any event, the order denying habeas corpus relief thoroughly discussed, and rejected, the petitioner's allegation that the line-up in which he was identified by one of the victims was impermissibly suggestive[2]. The materials offered by petitioner do not show any ground for relief.

Accordingly, the court denies the motion for relief from judgment

---

[2] The order explained: "Here five line-up participants were being brought into the line-up room. When petitioner, who was the second participant, entered the room, the victim identified him and left. She did not return to view the other participants. The victim later made in-court identifications of petitioner at both the preliminary hearing and the trial." The court applied *Neil v. Biggers*, 409 U.S. 188 (1972) and concluded the identification, viewed under the totality of the circumstances, was reliable. *Clemmons v. Davies*, 1992 WL 50579, *3 (D.Kan. Feb. 25, 1992).

on the grounds of an incomplete record and newly-discovered facts as untimely.

The remaining grounds, which the court construes as a successive application for habeas corpus requiring prior authorization from the Tenth Circuit Court of Appeals, are dismissed for lack of jurisdiction. The court concludes that the interests of justice do not require the transfer of this matter. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)(the district court may transfer a successive application to the court of appeals if that transfer is in the interest of justice or may dismiss the petition for lack of jurisdiction).

IT IS, THEREFORE, BY THE COURT ORDERED the motion for relief from judgment (Doc. #56) is construed as a hybrid pleading containing claims that present a successive application for habeas corpus and claims that seek relief from judgment. The motion is denied in part and dismissed in part. The court denies relief on the claims identified herein as proper in a motion for relief from judgment. The court dismisses the claims that present a successive application for habeas corpus for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 7th day of April, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge