IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDWARD LEE CLEMMONS,**

      **Petitioner,**

   v.         CASE NO. 90-3035-SAC

**STEVEN J. DAVIES,**

      **Respondent.**

**MEMORANDUM AND ORDER**

  This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner has filed a motion for relief under Rule 60(b) and 60(d) of the Federal Rules of Civil Procedure (Doc. #69) and a motion for leave to appeal in forma pauperis (Doc. #70).

  Petitioner specifically seeks review of the Memorandum and Order entered on February 25, 1992, by the Honorable Dale E. Saffels (Doc. #14). In that order, Judge Saffels denied habeas corpus relief; petitioner's appeal was dismissed for lack of prosecution on August 24, 1992 (Doc. #23).

  Petitioner cites Rule 60(b)(4), 60(b)(6), and 60(d)(1) – (3) as authorizing relief. The Court has considered the record and finds no basis to grant relief.

  "Under Rule 60(b)(4) or (6), the district court can relieve a party from a final judgment if 'the judgment is void' or for 'any other reason that justifies relief." *United States v. Nash*, 590 Fed.Appx. 821 (Mem) (10th Cir. Jan. 13, 2015)(citing *Davis v. Kan. Dept. of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007)). Under Rule 60(d), petitioner must show "a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 46-47 (1998)(addressing standard for

independent actions for relief from judgment, formerly under Fed.R.Civ.P. 60(b) and now under Rule 60(d)).

Since the entry of the 1992 Memorandum and Order denying the petition for habeas corpus, the Court has reviewed and denied a number of motions for relief filed by petitioner. In addition, the U.S. Court of Appeals for the Tenth Circuit has denied petitioner authorization to pursue a successive application, required by 28 U.S.C. §2244 (b)(3)(A), and in May 2008 warned him that additional attempts to pursue collateral relief without the necessary authorization could result in sanctions (Doc. #51).

A claim asserted under Fed. R. Civ. P. 60(b) must be treated as a second or successive application for relief "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" rather than "a defect in the integrity of the federal habeas proceeding." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

Petitioner's claims are challenges to the integrity of the habeas proceedings, as he complains that there was no discovery, evidentiary hearing, or decision on his motion for the appointment of counsel. The Court has examined the motion but finds no basis to grant relief. Petitioner does not make any substantiated claim that reasonably suggests the judgment is void, nor is there any evidence that a grave miscarriage of justice occurred in this matter.

Petitioner also moves for leave to proceed on appeal in forma pauperis. Because the petitioner's motion lacks merit, the Court denies leave to proceed in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for relief (Doc. #69) is denied.

IT IS FURTHER ORDERED petitioner's motion for leave to appeal in forma pauperis (Doc. #70) is denied.

**IT IS SO ORDERED.**

DATED: This 23rd day of June, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge