**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDWARD LEE CLEMMONS,**

                **Petitioner,**

    **v.**                                         **CASE NO. 90-3035-SAC**

**STEVEN J. DAVIES,**

                **Respondent.**

## O R D E R

This matter is a petition for habeas corpus filed in February 1990. The petition was denied in February 1992, and the appeal was dismissed in August 1992. Since then, petitioner has filed a variety of motions for relief, and the Tenth Circuit has considered this matter a total of five times. The action is now before the Court on petitioner's motions for relief from judgment (Docs. 86 and 87) and on his motion for oral argument (Doc. 88). The Court also has considered petitioner's memorandum in support of the motion for argument (Doc. 89).

### The motions for relief

In his first motion for relief from judgment, petitioner asserts he was not notified of the right to reply in his petition. In his second motion for such relief, petitioner broadly alleges fraud by counsel for the respondent and claims it was error to deny habeas corpus relief without an evidentiary hearing, the appointment of counsel, and discovery.

### Discussion

The Court first must consider whether petitioner's motions are properly considered as challenges to the integrity of the earlier

proceedings or whether they are a successive application for habeas corpus relief. In the context of habeas corpus, a motion for relief filed under Rule 60(b) of the Federal Rules of Civil Procedure is a true 60(b)[1] motion "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, … or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead intextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 f.3d 1213, 1215-16 (10th Cir. 2006). The Court finds petitioner presents challenges which may be considered under Rule 60 rather than a successive application for relief requiring prior authorization from the Tenth Circuit.

Petitioner proceeds under Federal Rule of Civil Procedure 60(d)(1) and (2). Rule 60(d)(1) allows the courts to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). However, it is settled that "an independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Rule 60(d)(2) allows the federal courts to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action".

A review of the petition conclusively shows that petitioner is not entitled to relief on his claims. First, his claim that he did not have an opportunity to reply to the response to the petition is

---

[1] The Court notes that petitioner cited Rule 60(d)(1) and (2) as supporting his requests for relief.

incorrect. The record shows that the Answer and Return was filed on May 4, 1990, and that petitioner filed a motion for leave to file a reply out of time on August 23, 1990. He filed the reply on September 4, 1990. Petitioner was aware of the opportunity to file a reply to the Answer and Return and did so.

Next, petitioner broadly claims he should have been afforded an evidentiary hearing, appointed counsel, and had discovery in this matter. A habeas petitioner is not entitled to these but may be granted such in an appropriate case. *See, e.g., Swazo v. Wyo. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994)(appointment of counsel in habeas corpus actions ordinarily is "left to the court's discretion"); Rule 8, Rules Governing Habeas Corpus (court to "determine whether an evidentiary hearing is required"). Petitioner makes only bare claims and has not demonstrated that the failure to provide counsel or allow expansion of the record resulted in either prejudice or "a grave miscarriage of justice".

### Conclusion

The Court finds petitioner is not entitled to relief from judgment in this matter under Fed. R. Civ. P. 60(d)(1) and (2). Finally, the Court advises petitioner that future motions are subject to summary denial.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions (Docs. 86, 87, and 88) are denied.

**IT IS SO ORDERED.**

DATED: This 27th day of May, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge